## QUESTION AS TO ACCEPTANCE ONE FOR THE JURY.

Circuit Court of Cuyahoga County.

E. J. ALDEFER v. THE CLEVELAND STORE FIXTURE CO.

Decided, February 26, 1906.

*Sales—Trials—Question of Acceptance One for Jury.*

Upon an action for the purchase price of fixtures where the defense is made that the fixtures were not according to specification and

were not accepted, the question of acceptance or non-acceptance is one for the jury.

*Wilcox, Parsons & Burch,* and *White, Johnson, McCaslin & Cannon,* for plaintiff in error.
*Wm. A. Hill,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is prosecuted to reverse a judgment for $653.34 recovered at the September term of the common pleas court, by the Cleveland Store Fixture Company, for the unpaid balance alleged to be due on a written contract for the erection of certain fixtures in plaintiff in error's store in Akron. The defense was that the fixtures did not conform with the contract in divers particulars. A small portion of the goods furnished under the contract were actually shipped back, but the remainder were put in place by the company's representative, on the plea, acquiesced in by Aldefer according to his testimony, that it was then raining and the goods could not be left out in the weather. Aldefer testifies that he then and thereafter protested that the fixtures were not in accordance with the contract, and that the company's representative promised some changes which were never made. But the court below ruled that he had accepted the fixtures within the rule of *The Bowman Lumber Co.* v. *Anderson et al,* 70 Ohio St., 16, and charged the jury to disregard the claims of the defendant except as to certain minor matters.

We think the evidence on this subject should not have been excluded from the consideration of the jury, and that under that evidence the question of acceptance was one for the jury.

For error in excluding evidence of the non-conformity of the fixtures furnished with the contract and for error in refusing the fifth request to charge, the judgment is reversed and the cause remanded.